Curran, Dennis J., J.
Elaine Metcalf, M.D. and Newton-Wellesley Obstetrics & Gynecology, RC. have moved for summary judgment. After reviewing the moving and opposition papers and a hearing, this motion must be DENIED.
BACKGROUND
The estate of Joan Eigenmann and her family allege that Drs. Metcalf, Zabik, Kuzmiak, Stone, and their employers committed medical malpractice by failing to properly diagnose post-partum preeclampsia which resulted in her death. The moving parties, Joan Metcalf, M.D., the decedent’s obstetrician, and her employer, the Newton-Wellesley Obstetrics & Gynecology, P.C. have moved for summary judgment on the grounds that not all of the physicians can be held liable, because although Dr. Metcalf was the initial treating physician, the care Mrs. Eigenmann received from the subsequent treating physicians was the superseding cause or substantial contributing factor which negates liability on her/their part. Dr. Metcalf and New England Obstetrics claim that this was a case of “unusual, extraordinary negligence.” (See Dr. Metcalfs memorandum, page 13.)
DISCUSSION
Dr. Metcalf and her employer bear the burden of showing that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). In reviewing their motion, we view the evidence in tíre light most favorable to the non-moving parties resolving, as we must, any doubt in their favor.
The plaintiff estate has proffered an expert opinion which has survived tribunal muster: the patient is the responsibility of the attending obstetrician (here, Dr. Metcalf) from the prenatal period until six weeks postpartum;[1] obstetricians, not internists, are trained to treat symptoms of preeclampsia; Joan Eigenmann was suffering from peripartum preeclampsia; Dr. Metcalfs failure to diagnose and treat this condition was negligent; her referral to an internist departed from the standard of care for the average qualified obstetrician/gynecologist; and finally, with appropriate diagnosis and treatment by Dr. Metcalf, she would have likely survived her illness.
Questions of causation, proximate and intervening, are all issues for a juiy to decide. The intervening conduct of a third party will generally relieve a defendant of liability for later negligence only if the intervening act was not reasonably foreseeable. Whether an intervening act was reasonably foreseeable and flowed from the originator’s negligence or whether it was unforeseeable and breaks the causation chain is for a juiy — not the court — to decide.
Dr. Metcalf and her employer presently argue that not all parties can be held liable because the care Joan Eigenmann received from any subsequent treating physician breaks the causation chain. However, the law is clear that the negligence of a physician does not destroy the causal connection between that injuiy and the consequent suffering, even so much of the suffering as arises form the negligent treatment and would not have arisen if the injury had been properly treated. Carter v. Shipley, 21 Mass.App.Ct. 503, 508 (1986). Instead, as the Carter court declared: “there is no reason why [negligence] should not apply to physicians whose original negligence causes the intervention of a second physician who [ ] improperly diagnoses the case . . .” The negligence of the second or subsequent physicians can be a foreseeable risk of the originating Dr. Metcalf and she can be held liable (and her employer, vicariously so), even if the subsequent treating physicians are also found to be negligent. Their negligence would not render Dr. Metcalf immune from liability, because arguably, their negligence may be a foreseeable risk flowing from Dr. Metcalfs negligence.
Comparing the negligence of all physicians is for a juiy to determine. Dr. Metcalfs claim that the subse *507 quent treating physicians’ negligence was more extraordinary than hers is not for this Court to determine. As the legal standard requires in its various components, “the cause must have occurred after the original negligence: the cause must not be a consequence of the original negligence; the cause must produce a result that would not have otherwise followed from the original negligence; and the cause must not be reasonably foreseeable.” Fiduciary Trust Co. v. Bingham, Dana & Gould, 58 Mass.App.Ct. 245, 254, n.11 (2003).
Viewing the facts most favorably to the estate, we can say only that the cause occurred after the original negligence, but cannot find, as a matter of law, any of the other portions of the above legal formula present here. These are matters reserved for disposition on another day.
ORDER
For the foregoing reasons, the motion for summaiy judgment by Dr. Metcalf and the Newton-Wellesley Obstetrics & Gynecology, P.C. must be DENIED.

The events complained of all occurred within three weeks of her delivery.